UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- x
DAVID PEREZ,                                           :
                                                       :
                  Plaintiff,                          :      02 Civ. 2832 (PKC) (FM)
                                                       :
                        v.                                   :
THE CONSOLIDATED EDISON                                :      ORDER
CORPORATION OF NEW YORK,                               :
WILLIAM WALLACE, GEORGE                                :
GREENWOOD AND KEITH BAROUCH,                           :
                                                       :
                  Defendants.                         :
                                                       :
-------------------------------------------------------x

P. KEVIN CASTEL, U.S.D.J.:

        Defendants Consolidated Edison Corporation of New York ("Con Ed") and William Wallace move, in limine, to preclude certain categories of evidence from being offered at trial. The motions are granted in part and denied in part. In other respects, I reserve decision. To the extent the motions are denied, the denial is without prejudice to renewal at the final pretrial conference or the morning of trial.

        As a general proposition, plaintiff will be permitted to testify to his own protected activity which forms the basis of his retaliation claims, even if it reveals the nature of the underlying discrimination claims. His complaints to Con Ed's Equal Employment Opportunity Affairs personnel, Con Ed management or its agents may be relevant to his surviving retaliation claims. See Kotcher v. Rosa and Sullivan Appliance Ctr., Inc., 957 F.2d 59, 65 (2d Cir. 1992) (like formal complaints to agencies, internal complaints to management are protected activities).

        Evidence having the singular purpose of proving the truth of the

underlying discrimination is, however, presumptively irrelevant to retaliation claims. See Sumner v. U.S. Postal Serv., 899 F.2d 203, 209 (2d Cir.1990) (plaintiff in Title VII retaliation case "need not prove the merit of his underlying discrimination complaint . . . ."); Schiano v. Quality Payroll Systems, Inc., 445 F.3d 597, 609 (2d Cir. 2006) ("The relevant inquiry for [plaintiff's] retaliation claim must focus on the retaliation she suffered for complaining about the harassment, not on the initial harassment itself."). Here, the Court has granted summary judgment on all discrimination claims and hostile work environment claims. Evidence which solely proves one of the dismissed claims is generally inadmissible.

However, evidence tending to show Con Ed's retaliatory motive is relevant. Such evidence may include, inter alia, Con Ed's policies and practices with respect to employees who complain of discrimination, actions taken by Con Ed with respect to other employees who engaged in similar protected conduct, Quaratino v. Tiffany & Co., 71 F.3d 58, 65 (2d Cir. 1995), and "evidence showing that the employer followed a broad practice of retaliation and responded to any protected criticism with disciplinary action." Morris v. Wash. Metro. Area Transit Auth., 702 F.2d 1037, 1046 (D.C. Cir. 1982). Such evidence must be relevant, non-cumulative and is subject to the limitations of Rule 403, Fed. R. Evid., upon which I do not now rule.

These principles should provide guidance with respect to the parties' arguments relating to the content of the plaintiff's complaints, evidence concerning other employees and evidence regarding Con Ed's policies and practices with respect to complaining employees.

I find unavailing Con Ed's argument in favor of precluding evidence regarding claims that have been time barred. The Second Circuit has held that evidence relating to claims that fall outside the statute of limitations period is properly considered as "background evidence" when it supports a causal link between an adverse employment action and protected activity that is the subject of a timely claim. See Jute v. Hamilton Sundstrand Corp., 420 F.3d 166, 176 (2d Cir. 2005). In addition, I conclude that, at this juncture, Con Ed's agreement to pay defendant Wallace's legal fees could be relevant to his credibility if he testifies and I will not preclude such evidence, in limine.

I will hear further argument at the final pretrial conference with respect to evidence concerning Con Ed's decision to delay the investigation by its Equal Employment Opportunity Affairs department of the 2005 denial of plaintiff's promotion to "Senior Scientist." I note, however, that allegations regarding that delay are not in the operative complaint and decisions to delay retaliation investigations while lawsuits over parallel issues are pending are generally non-retaliatory defensive measures. See United States v. N.Y. City Transit Auth., 97 F.3d 672, 677 (2d Cir. 1996) ("Reasonable defensive measures [once litigation has begun] do not violate the anti-retaliation provisions of Title VII, even thought such steps are adverse to the charging employee and result in differential treatment.").

Con Ed's motion to preclude evidence concerning its 1995 conviction for conduct related to the 1989 Gramercy Park steam pipe explosion and its aftermath is granted. Any probative value of such evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues and would amount to a needless waste of time. Rule 403, Fed. R. Evid.; see also Arlio v. Lively, 474 F.3d 46, 53 (2d Cir. 2007)

("Even relevant evidence may be excluded 'if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.'"). For the same reason, the reports prepared by the court-appointed environmental monitor, Mr. Bernard, are precluded, except as noted below.

To the extent Mr. Bernard's testimony or his reports are relevant to plaintiff's state whistleblower claim -- that he received a poor performance review in April 2001 based on his reporting of a September 2000 chemical release into the Hudson River -- they are admissible, subject to a Rule 403 prejudice analysis. Under N.Y. Labor Law § 740.2(a) (McKinney 2002), plaintiff must prove he was retaliated against because of his disclosure "to a supervisor or public body of an activity, policy or practice of [Con Ed] that is in violation of law, rule or regulation which violation creates and presents a substantial and specific danger to the public health or safety." Id. This statute is strictly construed. The mere possibility of a violation is not enough; proof of an actual violation is required. Bordell v. General Elec. Co., 88 N.Y.2d 869, 871 (1996); Calabro v. Nassau Univ. Med. Ctr., 424 F. Supp. 2d 465, 475 (E.D.N.Y. 2006) ("[E]mployee's good faith, reasonable belief that a violation occurred is insufficient."). Moreover, plaintiff has the burden of proving that the actual violation created a substantial and specific danger to the public health or safety.

Plaintiff may also use the portions of the reports and the testimony of Mr. Bernard concerning plaintiff's time-barred state whistleblower claim to the extent that evidence is "background evidence" relevant to the causation component of plaintiff's surviving whistleblower claim. See Jute 420 F.3d at 176. Plaintiff will, however, be

precluded from offering evidence of other alleged substance releases, reporting deficiencies, or other alleged environmental malfeasance by Con Ed that is not relevant to plaintiff's state whistleblower claim.

All other disputed issues of admissibility that are not addressed by this Order will be resolved at the final pretrial conference or trial. See Nat'l Union Fire Ins. Co. v. L.E. Myers Co., 937 F. Supp. 276, 283 (S.D.N.Y. 1996) (delaying decision on motion in limine until trial so that admissibility could be placed in appropriate factual context).

The motions in limine are granted in part and denied in part.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, N.Y.
January 23, 2008